MARY A. HARRISON v. GEORGE VREELAND ET AL., EX-
ECUTORS OF GEORGE VREELAND, DECEASED.

1. The instrument sued on in this case being a deed poll and not the
   deed of the plaintiff, covenants by implication cannot arise upon it.
   *Finley* v. *Simpson*, 2 *Zab*. 311, was an exception to the general rule.
2. Although a copy of the bond is annexed to the declaration, the court
   cannot take notice of it, because it is not referred to in the body of the
   pleading *as so annexed*.
3. Performance of an agreement to forbear doing an act, on which a
   promise to pay money was made, must be averred either specifically
   or by general averment of performance according to the statute, and
   when the matter alleged in the pleading is to be considered as lying
   more properly in the knowledge of the plaintiff than of the defendant,
   the declaration should state that the defendant had notice of the per-
   formance by plaintiff.
4. An action of debt will lie against executors, on the obligation of the
   testator, that his executors shall pay after his death.

In debt.   On demurrer to declaration.

Argued at February Term, 1876, before the CHIEF JUS-
TICE, and Justices SCUDDER, VAN SYCKEL, and WOODHULL.

For the plaintiff, *Thos. N. McCarter*.

For the defendants, *Winfield* and *Gilchrist*.

The opinion of the court was delivered by

VAN SYCKEL, J.   The questions to be considered in this
case arise upon demurrer to the plaintiff's declaration.

The first count is upon a bond, dated February 19th, 1864,
executed by the testator in his lifetime to Mary A. Harrison,
the plaintiff.   The clause of the bond upon which the con-
troversy is made, is as follows :

" Know all men by these presents, that I, George Vree-
land, am held and firmly bound unto Mary A. Harrison in
the sum of twenty thousand dollars, which sum being agreed

upon and set apart in lieu of dower, according to a contract, dated June ninth, eighteen hundred and sixty-three."

The point made by the defendants is, that this recital in the obligation, *per se*, shows that the consideration of the bond was a contemplated marriage between the parties thereto, and that, therefore, the count is defective in not averring a marriage or release of dower. The demurrer rests upon the assumption that covenants will be implied against the obligee. The instrument being a deed poll and not the deed of the plaintiff, covenants by implication cannot arise. The general rule is well settled, that an action of covenant can only be sustained where the instrument, upon which the action is founded, is actually signed and sealed by the party, or by his authority. In *Finley* v. *Simpson*, 2 *Zab.* 311, Chief Justice Green held, that an indenture of bargain and sale, purporting to be *inter partes*, though not executed by the grantee, by which an estate was conveyed to the grantee, and accepted by him, was an exception to the general principle. The exceptions to the rule are few in number, and have not been held to embrace mere personal contracts by which no estate in lands passes.

It is not necessary to aver or show what the consideration of the contract was—the seal implies a sufficient consideration to support the covenant to pay. The language of the bond, intrinsically considered, will not justify the construction that the obligor's agreement to pay is to be conditional on the marriage of the parties to it. If the case can be brought within the rule in *Sandford* v. *The Newark and Hudson R. R. Co.*, 8 *Vroom* 1, that, where a doubt arises upon the true sense and meaning of the words of a written contract, or any difficulty as to their application under the surrounding circumstances, the meaning of the language may be ascertained by evidence *de hors* the instrument itself, by reading the contract in the light of the situation of the contracting parties at the time of its execution, it will be competent for the defendants to aver in their pleas such facts as will warrant the conclusion upon which their defence is based.

In *Whittle* v. *Frankland*, 2 *Best & Smith* 49 ; *Stirling* v. *Maitland*, 5 *Ib.* 841, and other cases cited in support of the demurrer, both parties executed the contract from which stipulations were implied, and therefore they are not applicable to this discussion.

But that part of the bond above recited, not appearing in the declaration, neither these questions nor some of those relied upon to sustain the demurrer to the second count are presented by the pleadings.

A copy of each bond is annexed to the declaration, but they are not referred to in the body of the declaration *as so annexed*, which is necessary to make them part of the pleading, and without which the court cannot take notice of them. *Rev.* 623, *pl.* 123.

The second count recites portions of the other bond upon which some of the grounds of demurrer to that count are rested. The material part is as follows :

" And whereas, afterwards, to wit, on the tenth day of March, in the year of our Lord one thousand eight hundred and seventy, the said George Vreeland, then in his lifetime, at Jersey City aforesaid, made his certain other writing obligatory, sealed with his seal, and now shown to the court here, the date whereof is the day and year last aforesaid, and thereby, after reciting that, whereas the said plaintiff did covenant, promise, and agree that she would not expose, publish, or use in any way or manner whatever, during the natural life of him, the said George Vreeland, any notes, papers, or documents, or letters relating thereto, or copies of such that might be in her possession ; and that she would not, at any time thereafter, concern herself directly or indirectly in any cause, action, or suit whatsoever, whereby or by which he, the said George Vreeland, might receive hurt, damage, or detriment ; he, the said George Vreeland, did thereby firmly bind himself, his heirs, executors and administrators, to well and truly pay unto the said Mary Harrison, the plaintiff, from his estate, without failure or delay, the just and full sum of ten thousand dollars, to wit, on request, after the death of the said

George Vreeland, and that the said sum should draw interest at the rate of seven per cent. per annum, (to wit, from the date of the last mentioned writing obligatory,) until the same should be paid in full, on condition that the said Mary A. Harrison has not violated any of the therein above recited covenants, promises, and agreements on her part, as in and by the said writing obligatory will more fully appear."

This count is alleged to be defective, in not averring that the executors had notice of the performance of the conditions of the bond, and in omitting to declare that the plaintiff had any letters or documents which could have been used to the detriment of the obligor.

When the consideration of the defendant's contract is executory, or his performance is to depend on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfilment of such condition, whether in the affirmative or negative. On a promise to pay money in consideration of forbearance by the plaintiff, the declaration must aver such forbearance. By the statute, such performance may now be averred generally.

This recital shows that there were acts to be forborne by the plaintiff, as conditions precedent to the obligations of the defendant to pay the stipulated sum. The performance of the condition is sufficiently averred, but there is no allegation that the defendant had notice of such performance. When the matter alleged in the pleading is to be considered as lying more properly in the knowledge of the plaintiff than of the defendant, the declaration should state that the defendant had notice. *Chitty's Pl.* 309–320.

The demurrer, however, being to the whole declaration, and the objection applying to the second count only, it cannot prevail.

If the defendant's desire to raise the question that the bond was fraudulently obtained by the false pretence that the plaintiff had any writings that could be used against Vreeland, or whether the letters were of such a character that it would be contrary to public policy to permit her to stipulate for a con-

sideration, to withhold them, or to use them in any way as an inducement to the obligor to enter into an engagement to pay her a large sum of money, such matters of defence must be properly presented by the pleadings.

The only remaining question which arises under the pleadings is, whether debt will lie on the obligation of the testator that his executors shall pay.

*Perrot* v. *Austin, Croke Eliz.* 232, is relied upon by the defendant; but, of this case, Lord Mansfield says, in *Plumer* v. *Marchant,* 3 *Burr.* 1380, "it seems to be an extraordinary one in itself, and there is a query upon it in the very book." And Justice Wilmot said that where there is a debt secured by a specialty, there is no distinction whether the man himself was to pay it, or his representatives.

*Milbourn* v. *Ewart,* 5 *Term Rep.* 381, was an action of debt against heirs-at-law, upon a bond executed by the ancestor, conditioned for payment by his heirs or executors, of the sum of £3000, in twelve months after his death. It is true that the propriety of the action was not questioned in this case, but it may be regarded as an evidence of the established practice, in the absence of any subsequent case to controvert it. In *Powell* v. *Graham,* 7 *Taunt.* 580, a promise made by testator that his executor should pay, was treated as a debt completely due on the promise of the testator; and, in *ex parte Tindal,* 8 *Bing.* 402, Chief Justice Tindal says that, if a man covenants that his executors shall pay a sum of money after his death, that creates a debt as much as if he himself had promised to pay it. He cites, with approbation, *Plumer* v. *Marchant,* 3 *Burr.* 1380, and remarks, " that, in that case, there was a penalty upon which debt would lie, but the court only noticed that incidentally, and it is plain that their judgment would have been the same if there had been no penalty."

In pleading, I think this may be regarded a case of *debitum in præsenti solvendum in futuro,* to which the reasoning of the court in *Gregory* v. *Thompson,* 2 *Vroom* 166, has no application.

The demurrer should be overruled.